NATIONAL EXCH. BANK OF BOSTON v. BURKHALTER et al., (seventeen cases.)

(*Supreme Court, Special Term, New York County.* November 15, 1892.)

EXECUTION—RETURN—POWER TO COMPEL BEFORE SIXTY DAYS ELAPSE.

Where it appears that the interests of plaintiffs, who have issued executions against the property of judgment debtors, will suffer unless the executions are returned, and there is no property on which such executions can be levied, it all having been assigned, and the assignment adjudged valid by a sheriff's jury, and there is no evidence that the sheriff could derive any advantage from holding the executions longer, it is within the power of the court to compel the return of such executions before the expiration of the 60 days within which Code Civil Proc. § 1366, provides that executions shall be returnable.

Action by the National Exchange Bank of Boston against Charles Burkhalter and John H. Burkhalter. Application by plaintiffs to compel the sheriff to return certain executions issued in behalf of plaintiffs. Application granted.

*Dill, Chandler & Seymour,* for the motion. *William E. Stillings,* opposed.

INGRAHAM, J. The affidavit upon which this application is made alleges: "Deponent further says that it is his desire and intention to protect the rights of the several and respective plaintiffs herein, and to enforce the collection of their various judgments aforesaid by means of a suit in equity to set aside the general assignment as being fraudulent and void, and that, as a prerequisite to bringing the said suit, it will be necessary to have the said executions returned; and, notwithstanding the verbal and written request made by plaintiff's attorneys to the sheriff to return the said executions, he has omitted and declined to return the same, or any of them; and deponent has reason to believe and alleges that the rights of the plaintiffs and the judgment creditors represented by him as aforesaid will be impeded and seriously impaired, and they will be placed in jeopardy, in case the return of the executions aforesaid be not speedily had, by reason of the fact that certain other executions have been issued to the sheriff, amounting to a very large sum, which were all subsequent in point of time to the issuance of the several executions in favor of the plaintiffs above mentioned. That deponent apprehends that, although the plaintiffs herein, and each of them, are entitled to have the said executions returned forthwith, and prior to the return of any of the executions issued after those above mentioned, there is danger, from certain facts and circumstances within deponent's knowledge, that the sheriff may or will return the junior executions issued to him against the property of the said defendants, and upon which certain judgment creditors represented in said junior executions will be in a position to gain an undue and improper and unlawful advantage over the rights of the plaintiffs above named in proceedings to reach the property aforesaid. Deponent further says that, in addition to the tangible property of the judgment debtors claimed by the said assignee, there are also equitable assets, amounting, as deponent believes, to several hundred thousand dollars, which deponent desires to reach on behalf of the plaintiffs by means of the suit in equity aforesaid; and the effect of the omission to return the said executions by the sheriff will prevent the plaintiffs from reaching the same in the priority to which they are justly entitled." The sheriff does not answer this allegation, but simply says that 60 days have not elapsed since the executions were delivered to him;[1] that there are actions pending to set aside the assignment, and, if those actions should succeed, and the assignment be declared void, then he would be

[1] Code Civil Proc. § 1366, provides that an execution "must require the sheriff to return it to the proper clerk within 60 days after the receipt thereof."

in a position to realize on the executions in his hands. But the attorneys for the plaintiffs in these actions, and who now make this motion, have requested the sheriff to return the executions, and cannot claim that the sheriff should have held them; and the court could, in its judgment, provide for the executions. It is apparent that there is no property which can be levied upon to satisfy these judgments. All the judgment debtors' property has been assigned, and the assignee has been found to be entitled to the assigned estate by a sheriff's jury. The plaintiffs have refused to indemnify the sheriff. Without such indemnity, he does not claim that he would apply this property to the satisfaction of these executions. There can be no advantage to the sheriff in holding these executions. An execution is the process of the court, issued to enforce its judgment, and is clearly within the control of the court; and, the sheriff having failed to answer the allegation before referred to, and it appearing that there can be no advantage to him to hold the executions, it would appear that the protection of the plaintiffs in this action requires that the executions should be returned. The application should therefore be granted.